UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

BI 28 LLC,

    Plaintiff,

v.

PARKVIEW CAPITAL CREDIT, INC.

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff BI 28 LLC ("BI 28"), sues Parkview Capital Credit, Inc. ("Parkview" or "Guarantor"), for breach of its obligations pursuant to a guaranty agreement, and states the following:

1. This is an action for damages in excess of $11,000,000 in connection with Parkview's breaches of its obligations pursuant to a Guaranty Agreement dated February 15, 2018 (the "Guaranty"), and in support states as follows:

## GENERAL ALLEGATIONS

2. BI 28 is a Florida Limited Liability Company with its principal place of business in Miami, Florida. As of the date of this Complaint, none of the members of BI 28 are citizens of Maryland or Texas and none of them have their principal place of business in Maryland or Texas; all of them are Florida citizens with their principal place of business in Florida.

3. Parkview is a Maryland Corporation, with its principal place of business in Houston, Texas.

4. The amount in controversy exceeds $75,000.00.

5. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

6. Venue is appropriate in Miami-Dade County pursuant to Section 15 of Guaranty. A true and correct copy of the Guaranty is attached hereto as Exhibit "A."

## FACTUAL BACKGROUND

7. On February 15, 2018, Lone Star Brewery Development Inc. (the "Borrower"), signed a promissory note in favor of BI 28 in the amount of $11,000,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "B."

8. On that same date, the Borrower also signed the Loan Agreement (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "C."

9. This loan was made by BI 28 to refinance the first lien on a property in San Antonio, Texas commonly known as the "Lone Star Brewery" site. The loan is secured by the property itself as well.[1]

10. BI 28 did in fact lend to the Borrower $11,000,000.00, subject to the terms of the Note and the Loan Agreement and the other Loan Documents.[2]

11. Pursuant to the Loan Agreement, the Borrower was required to repay the entire indebtedness owed to BI 28 as provided for in the Note by August 8, 2019 (the "Maturity Date").

12. In order to induce BI 28 to enter into the Loan Agreement and lend the funds thereunder, Parkview agreed to provide an irrevocable, absolute, and unconditional guaranty for the payment and performance of Borrower's obligations under the Note and Loan Agreement, as further detailed in Section 2 of the Guaranty. *See* Exhibit "A."

---

[1] Separate from this lawsuit, BI 28 is pursuing the remedies available to it under Texas law with respect to the Borrower and the property itself.
[2] As defined in the Loan Agreement.

13. On August 8, 2019, the Borrower, Guarantor and BI 28, along with the Limited Guarantor,[3] signed the Forbearance Agreement. The Forbearance Agreement memorializes the fact that the Borrower "defaulted on the Loan for reasons including, without limitation, failure to pay the Loan in full upon the Maturity Date on August 8, 2019." A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit "D."

14. In the Forbearance Agreement, Parkview also agreed that it "has guaranteed the Loan and has defaulted under the Guaranty by failure to cure the Loan defaults." *Id.*

15. The Forbearance Agreement provided that BI 28 would, subject to the terms of the Forbearance Agreement, forebear from exercising its remedies until October 7, 2019. *Id.*

16. On October 28, 2019, BI 28, the Borrower, Guarantor and Limited Guarantor signed the Amended Forbearance Agreement. A true and correct copy of the Amended Forbearance Agreement is attached hereto as Exhibit "E."

17. In the Amended Forbearance Agreement, the Borrower and Guarantor agreed that they "did not perform their obligations under the Loan Documents or repay the Loan obligations in full…" *See id.* at ¶ 9.

18. However, BI 28 agreed, subject to the terms of the Amended Forbearance Agreement, to further forbear from exercising its remedies until November 7, 2019. *Id.*

19. On November 27, 2019, the Borrower, Guarantor, and Limited Guarantor signed the Second Amended Forbearance Agreement. A true and correct copy of the Second Amended Forbearance Agreement is attached hereto as Exhibit "F."

---

[3] There was an additional Limited Guaranty provided by Keith W. Smith, individually. The Limited Guaranty is not subject to this lawsuit.

20. The Second Amended Forbearance Agreement, provided that BI 28 would further forbear from exercising its remedies (with certain exceptions listed therein) until December 31, 2019. *See id.* at ¶ 9.

21. The Borrower and Guarantor failed to perform their obligations under the Loan Documents, the Forbearance Agreement, the Amended Forbearance Agreement and the Second Amended Forbearance Agreement. Specifically, the Borrower and Guarantor have failed to repay the loan obligations in full.

## COUNT I: BREACH OF GUARANTY

22. BI 28 realleges the allegations of paragraphs 1-21 above, as if fully set forth herein.

23. Section 1 of the Guaranty provides that "Guarantor hereby irrevocably, absolutely, and unconditionally guarantees to [BI 28] … the payment and performance of the Guaranteed Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise." Exhibit "A" at ¶ 1.

24. The same section further provides "Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable for the Guaranteed Obligations (as defined [therein]) as a primary obligor." *Id.*

25. The "Guaranteed Obligations" includes the Guaranteed Indebtedness, which means "all principal, interest, fees, attorneys' fees" and other charges provided for in the Loan Documents. *Id.* at ¶ 2.

26. Parkview also agreed in the Guaranty to "irrevocably, absolutely and unconditionally waive[] to the fullest extent now or hereafter permitted by law…(j) presentment, demand, protest and notice of any kind…" *Id.* at ¶ 5.

27. The Borrower and Parkview have failed to pay the indebtedness to BI 28 by the Maturity Date.

28. The Borrower and Parkview have failed to pay the indebtedness due to BI 28 by the end of the extended forbearance period of December 31, 2019.

29. BI 28 has been damaged by the failure of Parkview to fulfill its obligations under the Guaranty.

30. Pursuant to Section 12 of the Guaranty, Parkview is required to pay to BI 28 all attorneys' fees incurred by BI 28 in connection with enforcing the Guaranty.

31. Under Section 15 of the Guaranty, Parkview has waived its right to trial by jury.

WHEREFORE, BI 28 LLC demands judgment against Parkview for breach of the Guaranty for damages, pre-judgment interest, recovery of attorneys' fees and court costs, and all further relief this Court deems just and appropriate.

Dated: January 6, 2020

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Isaac M. Marcushamer*
Isaac M. Marcushamer
Florida Bar No. 60373
isaac@markmigdal.com
Darci E. Cohen
Florida Bar No. 90971
darci@markmigdal.com
eservice@markmigdal.com
*Attorneys for Plaintiff*