UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-CV-20041-UU

BI 28 LLC,

    Plaintiff,

v.

PARKVIEW CAPITAL CREDIT, INC. and
KEITH W. SMITH,

    Defendants.

_____/

**<u>AMENDED COMPLAINT FOR DAMAGES</u>**

Plaintiff BI 28 LLC ("BI 28"), sues Parkview Capital Credit, Inc. ("Parkview" or "Guarantor") and Keith W. Smith ("Smith" or "Limited Guarantor") (Parkview and Smith collectively referred to as "Guarantors"), for breaches of their obligations pursuant to two separate guaranty agreements, and states as follows:

    1.    This is an action for damages in excess of $11,000,000 in connection with: (i) Parkview's breaches of its obligations pursuant to a Guaranty Agreement dated February 15, 2018 (the "Guaranty") and (ii) Smith's breaches of his obligations pursuant to a Limited Guaranty Agreement dated February 15, 2018 (the "Limited Guaranty").

**<u>GENERAL ALLEGATIONS</u>**

    2.    BI 28 is a Florida Limited Liability Company with its principal place of business in Miami, Florida. As of the date of this Complaint, none of the members of BI 28 are citizens of Maryland or Texas and none of them have their principal place of business in Maryland or Texas; all of them are Florida citizens with their principal place of business in Florida.

3. Parkview is a Maryland Corporation, with its principal place of business in Houston, Texas.

4. Upon information and belief, Smith is a citizen and resident of Houston, Texas.

5. The amount in controversy exceeds $75,000.00.

6. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

7. Venue is appropriate in Miami-Dade County pursuant to Section 15 of Guaranty and also pursuant to Section 15 of the Limited Guaranty. A true and correct copy of the Guaranty is attached hereto as Exhibit "A" and a true and correct copy of the Limited Guaranty is attached hereto as Exhibit "B."

## FACTUAL BACKGROUND

8. On February 15, 2018, Lone Star Brewery Development Inc. (the "Borrower"), signed a promissory note in favor of BI 28 in the amount of $11,000,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "C."

9. On that same date, the Borrower also signed the Loan Agreement (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "D."

10. This loan was made by BI 28 to refinance the first lien on a property in San Antonio, Texas commonly known as the "Lone Star Brewery" site. The loan is secured by the property itself as well.[1]

11. BI 28 did in fact lend to the Borrower $11,000,000.00, subject to the terms of the Note and the Loan Agreement and the other Loan Documents.[2]

---

[1] Separate from this lawsuit, BI 28 is pursuing the remedies available to it under Bankruptcy law with respect to the Borrower and the property itself. No relief is sought herein against the Borrower.
[2] As defined in the Loan Agreement.

12.     Pursuant to the Loan Agreement, the Borrower was required to repay the entire indebtedness owed to BI 28 as provided for in the Note by August 8, 2019 (the "Maturity Date"). *See* Exhibit "D."

13.     In order to induce BI 28 to enter into the Loan Agreement and lend the funds thereunder, Parkview agreed to provide an irrevocable, absolute, and unconditional guaranty for the payment and performance of Borrower's obligations under the Note and Loan Agreement, as further detailed in the Guaranty. *See* Exhibit "A."

14.     Likewise, in order to induce BI 28 to enter into the Loan Agreement and lend the funds thereunder, Smith agreed to provide a <u>limited</u> irrevocable, absolute, and unconditional guaranty for the payment and performance of Borrower's obligations under the Note and Loan Agreement, as further detailed in the Limited Guaranty. *See* Exhibit "B."

15.     On August 8, 2019, the Borrower, BI 28, and the Guarantors signed the Forbearance Agreement. The Forbearance Agreement memorializes the fact that the Borrower "defaulted on the Loan for reasons including, without limitation, failure to pay the Loan in full upon the Maturity Date on August 8, 2019." A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit "E."

16.     In the Forbearance Agreement, the Guarantors also agreed that they "guaranteed the Loan and [] defaulted under the Guaranty [and Limited Guaranty] by failure to cure the Loan defaults." *Id.* at p. 1. This agreement also provided that BI 28 would, subject to the terms of the Forbearance Agreement, forebear from exercising its remedies until October 7, 2019. *Id.*

17.     On October 28, 2019, the Borrower, BI 28, and the Guarantors signed the Amended Forbearance Agreement. A true and correct copy of the Amended Forbearance Agreement is attached hereto as Exhibit "F."

18. In the Amended Forbearance Agreement, the Borrower and the Guarantors agreed that they "did not perform their obligations under the Loan Documents or repay the Loan obligations in full…" *See id* at Page 2.

19. However, BI 28 agreed, subject to the terms of the Amended Forbearance Agreement, to further forbear from exercising its remedies until November 7, 2019. *Id.*

20. On November 27, 2019, the Borrower, BI 28, and the Guarantors signed the Second Amended Forbearance Agreement. A true and correct copy of the Second Amended Forbearance Agreement is attached hereto as Exhibit "G."

21. In the Second Amended Forbearance Agreement, the Borrower and Guarantors agreed that they "did not perform their obligations under the Loan Documents or repay the Loan obligations in full…" *See id* at Page 2.

22. The Second Amended Forbearance Agreement provided that BI 28 would further forbear from exercising its remedies (with certain exceptions listed therein) until December 31, 2019. *See id* at Page 2.

23. The Borrower and the Guarantors failed to perform their obligations under the Loan Documents, the Forbearance Agreement, the Amended Forbearance Agreement and the Second Amended Forbearance Agreement. More specifically, the Borrower and the Guarantors have failed to repay the loan obligations in full.

## COUNT I: BREACH OF GUARANTY
*(against Parkview)*

24. BI 28 realleges the allegations of paragraphs 1-23 above, as if fully set forth herein.

25. Section 1 of the Guaranty provides that "[Parkview] hereby irrevocably, absolutely, and unconditionally guarantees to [BI 28] … the payment and performance of the Guaranteed

4

Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise." Exhibit "A" at § 1.

26. The same section further provides "[Parkview] hereby irrevocably and unconditionally covenants and agrees that it is liable for the Guaranteed Obligations (as defined [therein]) as a primary obligor..." *Id*.

27. The "Guaranteed Obligations" includes the Guaranteed Indebtedness, which means "all principal, interest, fees, attorneys' fees" and other charges provided for in the Loan Documents. *Id.* at § 2.

28. Parkview also agreed in the Guaranty to "irrevocably, absolutely and unconditionally waive[] to the fullest extent now or hereafter permitted by law…(j) presentment, demand, protest and notice of any kind…" *Id.* at § 5.

29. The Borrower and Parkview have failed to pay the indebtedness to BI 28 by the Maturity Date.

30. The Borrower and Parkview have failed to pay the indebtedness due to BI 28 by the end of the extended forbearance period of December 31, 2019, as provided for in the Second Amended Forbearance Agreement. *See* Exhibit "G."

31. BI 28 has been damaged by the failure of Parkview to fulfill its obligations under the Guaranty.

32. Pursuant to Section 12 of the Guaranty, Parkview is required to pay to BI 28 all attorneys' fees incurred by BI 28 in connection with enforcing the Guaranty. *See* Exhibit "A."

33. Further, under Section 15 of the Guaranty, Parkview has waived its right to trial by jury. *Id.*

WHEREFORE, BI 28 LLC demands judgment against Defendant Parkview Capital Credit, Inc. for damages, pre-judgment interest, attorneys' fees and court costs pursuant to the parties' agreement, and for such other relief as this Court may deem just and proper.

## COUNT II: BREACH OF LIMITED GUARANTY
*(against Smith)*

34. BI 28 realleges the allegations of paragraphs 1-23 above, as if fully set forth herein.

35. The Limited Guaranty provided by Smith converts to an unlimited guaranty in certain specific circumstances. *See* Exhibit "B" at § 2.2.

36. One of these circumstances includes that if the Property that serves as collateral for the loan becomes an asset in "a voluntary bankruptcy or insolvency proceeding under applicable federal or state laws" then Smith "shall be liable for the entire amount of the Obligations [as defined in the Loan Documents]." *Id*. at § 2.2 (a).

37. On January 6, 2020, the Borrower filed for Chapter 11 relief pursuant to Title 11 of the United States Code. *See In re Lone Star Brewery Development, Inc*. A copy of the Petition is attached hereto as Exhibit "H" (the "Bankruptcy Filing").

38. As part of its Bankruptcy Schedules and Statements (Exhibit "H"), the Borrower listed "500 & 600 Lone Star Blvd San Antonio, TX 78204" as an asset. *See* Exhibit "H" at page 9.

39. The property that serves as collateral for the loan made by BI 28 is the real property located at 500 & 600 Lone Star Blvd San Antonio, TX 78204.

40. Neither the Borrower nor Parkview have repaid the loan obligations in full. Accordingly, pursuant to Paragraph 2.2 (a) of the Limited Guaranty, Smith is liable for the entire amount of the Obligation as set forth in the Loan Documents. *See* Exhibit "B."

41. Section 2.2 of the Limited Guaranty provides that, "[n]otwithstanding the above, the agreement of [BI 28] to pursue only the Guaranteed Obligations as set forth hereinabove at

Section 2.1 and not to pursue full recourse liability with respect to all of the Obligations under the Loan Documents (as defined in the Loan Agreement) as set forth in Section 2.1 above shall become null and void and shall be of no further force and effect, and [Smith] shall be liable for the entire amount of the Obligations: (a) in the event the Collateral, or any part thereof, shall become an asset in (i) a voluntary bankruptcy or insolvency proceeding under applicable federal or state laws…" *Id.* at §§ 2.2 and 2.2(a).

42. As a result of the Bankruptcy Filing, the Property is now by operation of law (11 U.S.C. §541(a)), property of the bankruptcy estate of Lone Star Brewery Development Inc. *See* Exhibit "H."

43. BI 28 has been damaged by the failure of Smith to fulfill his obligations under the Limited Guaranty.

44. Pursuant to Section 12 of the Limited Guaranty, Smith is required to pay to BI 28 all attorneys' fees incurred by BI 28 in connection with enforcing the Limited Guaranty. *See* Exhibit "B."

45. Further, under Section 15 of the Limited Guaranty, Smith has waived his right to trial by jury. *Id.*

WHEREFORE, BI 28 LLC demands judgment against Defendant Keith W. Smith, Inc. for damages, pre-judgment interest, attorneys' fees and court costs pursuant to the parties' agreement, and for such other relief as this Court may deem just and proper.

|  |  |
|---|---|
| Dated: January 19, 2020 | Respectfully submitted,<br><br>MARK MIGDAL & HAYDEN<br>80 S.W. 8th Street, Suite 1999<br>Miami, Florida 33130<br>Telephone: (305) 374-0440<br><br>By: *s/ Isaac M. Marcushamer*<br>     Isaac M. Marcushamer<br>     Florida Bar No. 60373<br>     isaac@markmigdal.com<br>     Darci E. Cohen<br>     Florida Bar No. 90971<br>     darci@markmigdal.com<br>     eservice@markmigdal.com<br>     *Attorneys for Plaintiff* |